JOSEPH SCOTT, administrator of SAMUEL SCOTT, deceased,
appellant, v. JOSEPH BENNETT, appellee.

*Appeal from St. Clair.*

A. recovered a judgment against B. and C.  Subsequently, and before the levy
of an execution, C. sold to D. certain real estate, D. paying four fifths of the
purchase money, and giving his note for the balance.  Execution was issued
and levied on the same real estate, about one half of the judgment having
been previously paid.  D. filed his bill in Equity against A., alleging that A.,
at the time he purchased, released the lien of the judgment on the lands, and
prayed for an injunction, which was granted.  A. answered, admitting the
release, but that it was on the express condition agreed upon between him, B.
and C. that the note aforesaid should be paid to him on account of the judg-
ment, and that this condition had not been complied with, but on the contrary,
the note had been paid by D. to C.: *Held*, that the bill was not against the
proper parties, B. and C., the judgment debtors, under the circumstances,
being materially interested in the subject matter of the litigation.

An objection to a bill in Equity for the want of proper parties, when made in the
appellate Court for the first time, comes too late, unless parties are omitted,
whose rights are so connected with the subject matter of the suit, that a final
decision thereof cannot be made, without materially affecting their interests.

BILL for an injunction, in the St. Clair Circuit Court,
brought by the appellee against the appellant.  The cause
was heard on the bill, answer, replication and depositions,
before the Hon. James Shields, at the October term 1844,
and the injunction was made perpetual.  The defendant ap-
pealed to this Court.

*L. Trumbull,* for the appellant, on the point of necessary
parties to the bill, cited *Herrington* v. *Hubbard,* 1 Scam.
569; *Spear* v. *Campbell,* 4 do. 424.

*G. P. Koerner,* for the appellee, upon the same point, cited
*Duncan* v. *The State Bank,* 1 Scam. 262; 2 Maddock's
Ch. 172.

The Opinion of the Court was delivered by

TREAT, J.   In August 1840, Joseph Scott, administrator of
Samuel Scott, recovered a judgment against Willam R. Scott

and Rene M. Lacroix, for the sum of two thousand, five hundred and thirty three dollars.

In February, 1841, Joseph Bennett purchased of Lacroix certain real estate, on which the judgment was a lien. The consideration was two thousand, five hundred dollars. Bennett paid in cash two thousand dollars, and gave his promissory note to Lacroix for the residue. Lacroix conveyed the premises in fee to Bennett.

In March, 1843, an execution was issued on the judgment, and levied on the lands purchased by Bennett. Before this time more than one half the judgment had been paid.

In April, 1843, Bennett filed a bill in Chancery against Scott, alleging that at the time of the purchase, Scott released the lien of the judgment on the lands; and praying that he might be restrained from selling the lands by virtue of the judgment. On this bill, an injunction was obtained. Scott answered, admitting that he released the lien, but alleging that he did so, with the express understanding between him and Bennett and Lacroix, that the note given for the residue of the purchase money, should be paid to Scott on account of the judgment, which had not been done, but had in fact been paid by Bennett to Lacroix, in violation of the agreement. The complainant replied to the answer, and took the depositions of two witnesses. On the hearing of the cause, the injunction was made perpetual. Scott has appealed to this Court.

It is assigned for error, that there is a want of proper parties to the case. This objection is now for the first time interposed, and unless parties are omitted, whose rights are so connected with the subject matter of the suit, that a final decision thereof cannot be made, without materially affecting their interests, the objection comes too late, and must be disregarded. *Spear* v. *Campbell*, 4 Scam. 424, and the authorities there cited. On this point, therefore, the only inquiry is, are there persons not parties to the suit, whose interests are materially identified with the subject matter of the litigation. In the opinion of the Court, both of the judgment debtors are necessary parties. Their rights may be mate-

rially affected by the decree to be rendered in the cause. No circumstances are disclosed in the case, which will dispense with the necessity of bringing them before the Court. The presumption from the record is, that Lacroix conveyed the lands, with covenants of warranty. The consideration which he received is much larger than the amount due on the judgment. His liability is greater on his covenants, than on the judgment. He is, therefore, interested in sustaining the title of the complainant, and in defeating the defendant in his attempt to collect the judgment by a sale of the lands. The other judgment debtor is interested in defeating the injunction, for if sustained, the consequence may be, that he will be compelled to pay the whole amount due on the judgment. Again, the answer shows that there may be a controversy in relation to the validity of the release, unless the amount of the note shall be applied towards the payment of the judgment. Both of the judgment debtors may be interested in the settlement of this question. Their interests are adverse, the one interested in sustaining the conveyance, the other in defeating it. In this state of case, both of them ought to be made parties, and an opportunity afforded them of fully presenting to the Court their respective rights in the premises. Without this course, great injustice might be done them. Other questions are presented by the assignment of errors, but inasmuch as parties interested in their proper determination, are not before the Court, it is proper that we should refrain from discussing them.

The decree of the Circuit Court is reversed, and the cause remanded. On the filing of the transcript in the Circuit Court, the complainant has leave to amend his bill by making new parties, as well as in other respects, if he desires it. The costs of this appeal will be equally divided between the parties.

*Decree reversed.*